IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CASE NO. 4:24-CR-34 (CDL) |
| | : |
| RYAN E. HART | : |
| | : |
| Defendant | : |
| | : |

**PRELIMINARY ORDER OF FORFEITURE/MONEY JUDGMENT**

WHEREAS, on December 16, 2025, Defendant Ryan E. Hart (hereinafter "Hart" or "Defendant"), pled guilty to Count Eight of the Indictment charging him with Bank Fraud, in violation of Title 18, United States Code, Sections 1344(2) and 2;

AND WHEREAS, the Indictment contained a Forfeiture Notice, pursuant to which the United States seeks forfeiture under Title 18, United States Code, Section 982(a)(2)(A), of any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense(s), including, but not limited to a personal money judgment in an amount to be determined;

AND WHEREAS, as part of his Plea Agreement, the Defendant consented to the forfeiture of a personal money judgment in the amount of forty-four thousand, six hundred dollars ($44,600.00), representing the proceeds of the fraud scheme, obtained directly or indirectly, as a result of such offense(s);

AND WHEREAS, as part of his Plea Agreement, the Defendant waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment;

AND WHEREAS, on December 16, 2025, Defendant Hart was sentenced, and Judgment [Doc. 344] was entered on January 7, 2026;

AND WHEREAS, Rule 32.2(b)(2)(B), states that: "[u]nless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)";

AND WHEREAS, the time to file a motion for preliminary order of forfeiture and proposed order and entry of an order of forfeiture was impractical prior to sentencing in this case because Defendant Hart was sentenced the same day as his plea was entered;

AND WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment";

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 982(a)(2)(A), 18 U.S.C. § 3554, and Rule 32.2(b), Federal Rules of Criminal Procedure, the Court finds by a preponderance of the evidence

that the United States has demonstrated the required nexus between the personal money judgment amount and the offense(s) of conviction, and the Defendant shall forfeit to the United States the sum of forty-four thousand, six hundred dollars ($44,600.00).

2. The United States District Court, Middle District of Georgia, shall retain jurisdiction in the case for the purpose of enforcing this Order of Forfeiture/Money Judgment.

3. Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Order of Forfeiture/Money Judgment is final as to the Defendant as sentencing has already commenced.

4. As issued this date, this Order of Forfeiture/Money Judgment consists of a judgment for a sum of money. The United States may, at any time, move pursuant to FED. R. CRIM. P. 32.2(e), to amend this Order of Forfeiture/Money Judgment if the Government locates specific assets traceable to the subject property or other assets subject to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

SO ORDERED, this 16th day of January, 2026.

S/Clay D. Land
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA